UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| US CENTRIFUGE SYSTEMS, LLC, | ) | Case No. 15-04804-JJG |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**DEBTOR'S FIRST DAY MOTION FOR ORDER (A) AUTHORIZING THE DEBTOR TO PAY PRE-PETITION WAGES, SALARIES AND EMPLOYEE BENEFITS AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS**

US Centrifuge Systems, LLC an Indiana corporation, the Debtor and debtor-in-possession (the "Debtor"), by counsel, Kroger, Gardis & Regas, LLP, requests the Court to issue an Order (a) authorizing the Debtor to pay pre-petition wages, salaries, reimbursement expenses, and employee benefits and (b) directing all banks to honor pre-petition checks for payment of pre-petition employee claims. In further support of this Motion, the Debtor respectfully represents as follows:

**I. BACKGROUND**

A. <u>The Chapter 11 Filing</u>

1. On June 3, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business as debtor-in-possession pursuant to Section 1107 (a) and 1108 of the Bankruptcy Code.

2. No creditors' committee has been appointed in this case.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 27 U.S.C. Sec. 157 (b)(2). Venue of this case and motion in this district is proper pursuant to 28 U.S.C. Sec. 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105 and 507 (a) of the Bankruptcy Code.

    B.    <u>Current Business Operations of the Debtor</u>

        4.    The Debtor operates a manufacturing enterprise in Indianapolis, Indiana.

## II. PRE-PETITION EMPLOYEE CLAIMS

    A.    <u>The Employees</u>.

        5.    The hourly, supervisory, salaried and management employees are paid weekly (collectively, the "Employees"). For accrued unpaid wages and commissions through and including the Petition Date, the Debtor estimates that the amount owed pre-petition but unpaid to all Employees is approximately $55,000.00 (including payroll taxes and other deductions). This amounts to less than, on average, $3,927.48 per employee in accrued unpaid wages.

    B.    <u>Employee Compensation and Reimbursement Claims</u>.

        6.    The pre-petition claims of Employees (the "Pre-Petition Employee Claims") include claims for the following:

            a)    Wages and Salaries. The Debtor's total wage, commission and salary payroll expense (including payroll taxes and other deductions) for all current employees is approximately $87,000.00 per month.

            b)    Accrued Vacation, Personal and Sick Time.

                (1)    Certain employees receive paid vacation time (the "Vacation Time"). Through this Motion, the Debtor is seeking authorization to pay employees for Vacation Time that is actually used following the Petition Date.

                (2)    Certain of the Debtor's employees are entitled to a certain number of paid personal holidays ("Personal Holidays") and sick days ("Sick Time"). The Debtor is seeking authorization to pay employees for Personal Holidays and Sick Time actually used by employees.

      c)    Reimbursement Expenses. Certain of the employees incur business related expenses in the course of performing their job obligations ("Reimbursable Expenses"). The Debtor routinely reimburses its employees for these Reimbursable Expenses. The Debtor estimates that its exposure for Reimbursable Expenses will not exceed $16,000.00 per month and that the expenses will average approximately $11,500.00 per month.

      d)    Health Insurance Premiums. Certain of the employees maintain health insurance with Anthem Health Insurance ("Anthem") in the approximate monthly cost of $21,000.00 that is paid to Anthem by the Debtor.

## III. RELIEF REQUESTED

A. <u>Authority to Pay Pre-Petition Employee Claims</u>.

7. By this Motion, the Debtor requests that this Court enter an Order, pursuant to Section 105, 507 (a)(3) and 507 (a)(4) of the Bankruptcy Code, authorizing the Debtor to pay the various Pre-Petition Employee Claims to, or for the benefit of, its employees, and to continue the Debtor"s employee medical benefit plans and programs (collectively with the Pre-Petition Employee Claims, the "Employee Obligations") Notwithstanding the continuance of such benefit plans and programs post-petition, the Debtor does not seek to affirm such plans and programs at this time.

8. Additionally, the Debtor requests that this Court enter an Order authorizing the Debtor to maintain its current payroll system. This will avoid the possibility that any checks for wages previously paid to employees that have not been cashed by such employee will be dishonored.

9. For the reason set forth below, the Debtor respectfully submits that it is in the best interest of its estate for this Court to authorize the payment and continuation of the Employee Obligations.

10. The Debtor also seeks authorization to pay all payroll deductions (e.g. garnishments), state and federal withholding and payroll-related taxes relating to pre-petition periods, including, but not limited to, all withholding taxes, Social Security taxes and Medicare taxes. The term Employee Obligations is meant to include such taxes and deductions.

11. Finally, in the event that an employee, after the Petition Date, attempts to cash a check issued by the Debtor pre-petition in satisfaction of an Employee Obligation, the Debtor seeks an order directing all banks to honor its pre-petition checks for payment of such employee claims. The Debtor also seeks an order directing the relevant banks not to place holds on, or attempt to reverse, automatic transfers to employee accounts for Employee Obligations.

B. <u>Basis for Relief</u>.

12. The Debtor" s ability to preserve the value of its ongoing business and maximize the value available to the estate and its creditors will be adversely affected if it is unable to retain necessary employees, pay Employee Obligations and honor any checks for previously paid employee wages and salaries. The Debtor's employees are technical and trained personnel who cannot be easily replaced.

13. Additionally, it would be a great hardship on the employees if they were to lose or suffer delay in receiving their compensation. A failure to reimburse employees for the Reimbursable Expenses or to provide the employees with benefits would severely undermine the employees' morale and cause them great hardship. The Debtor submits that any significant deterioration in morale at this time will substantially and adversely impact the Debtor and could destroy the value of the Debtor's business, thereby resulting in immediate and irreparable harm to the Debtor.

14. Thus, to retain the employees and maintain morale under what must be difficult working conditions, the Debtor seeks authority to pay or otherwise satisfy the Employee Obligations and to honor any checks for previously paid employee wages and salaries. The Debtor submits that the amounts to be paid to employees pursuant to this Motion are reasonable compared with the important necessity of the services of the employees and this losses the Debtor will likely suffer if those amounts are not paid.

C. <u>Applicable Authority</u>.

15. Sections 507(a)(3) of the Bankruptcy Code requires that certain claims for pre-bankruptcy wages, salaries, vacation and sick leave pay be accorded a priority in payment. Similarly, Section 507 (a)(4) of the Bankruptcy Code requires that certain claims for contribution to an employee benefit plan be accorded priority in payment. The Debtor estimates that of the money they seek to pay with respect to

4

the Employee Obligations, a substantial portion, if not all, represents claims that would be accorded priority under Sections 507 (a)(3) and 507 (a)(4) of the Bankruptcy Code.  Therefore, the Court should authorize the Debtor to pay these Employee Obligations, under Section 105 (a), in the ordinary course of business, as the distribution of assets of the Debtor" s estate will not be affected by the payout on the Employee Obligations.

16. In addition, under Section 105(a) of the Bankruptcy Code, courts have authorized a debtor-in-possession to pay certain creditors pre-petition claims.  Section 105(a) provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  The purpose of Section 105(a) is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy  Section 105.01, at 105-5 (15th rev. ed. 1997).

17. Granting this Motion is consistent with the policies of the Bankruptcy Code, and is therefore authorized by Section 105.  Few employees will continue to work for an entity that has announced its intention to file a bankruptcy petition without assurances that they will be timely paid.  Accordingly, the Debtor submits that the relief sought herein is consistent with Section 105 and 1129 of the Bankruptcy Code.

18. The payment of the Employee Obligations will not prejudice the other creditors in these proceedings.  It appears that all of the Employee obligations are priority claims or will be administrative claims.  The distribution of assets of the Debtor's estate to general unsecured creditors will not be affected by the payments made pursuant to the terms of this Motion as this Motion affects only the timing of such payments.

19. Finally, the Debtor seeks to continue, post-petition, the employee medical benefit plans and programs in effect immediately prior to the Petition Date.  Such action, if authorized, however should not be deemed to be an assumption or adoption of any agreement or policy providing such coverage.  The Debtor is currently reviewing these benefits and reserves its rights with respect to cessation or continuation of these programs in the future.

D. <u>Notice and Previous Applications</u>.

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: the United States Trustee, all holders of secured debt (there presently are believed to be none), and the twenty largest unsecured creditors of the Debtor.

5

21. The Debtor submits that, given the nature of the relief requested, no other or further notice of the relief requested is necessary.

22. No previous request for the relief sought herein has been made to this Court or any other Court.

THEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated this 4th day of June, 2015.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/James A. Knauer
James A. Knauer, Atty # 5436-49
Harley K. Means, Atty # 23068-32
Attorneys for US Centrifuge Systems, LLC
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
317-692-9000 - phone
jak@kgrlaw.com
hkm@kgrlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 4, 2015, a copy of the above and foregoing was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System or via e-mail.  Parties may access this filing through the Court's system.

| | |
|---|---|
| U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | Jeannette E. Hinshaw<br>jeannette.hinshaw@usdoj.gov |
| Acme Metal Spinning<br>info@acmemetalspinning.com | Alro Steel Corporation<br>jduzan@alro.com |
| Loyal Manufacturing<br>mike@loyalmfg.com | Aramark Uniform Services<br>jason.haury@uniform.aramark.com |
| Bearing Headquarters Co.<br>jsisil@headco.com | Bisco Industries<br>ar@biscoind.com |
| Drycake<br>mark@drycake.com | FloSource<br>sales@flsource.com |
| Kirby Risk Corporation<br>kford@kirbyrisk.com | Levitronix Technologies LLC<br>purchaseorder@levitronix-us.com |
| Marion County Treasurer<br>mytaxes@indy.gov | McMaster-Carr<br>chi.sales@mcmaster.com |
| Neff Engineering Co., Inc.<br>lgirton@neffengineering.com | OTP Industrial Solutions<br>dparks@otpnet.com |
| Pillar Innovations<br>accountsreceivable@pillarinnovations.com | Precision Balancing Company<br>service@precisionbalance.com |
| RB Machine Company<br>ron@rbmachinecompany.com | Workrite Aerostar Machine & Tool<br>rsheets@workriteaerostar.com |
| Joseph M. Brown, Jr.<br>jmb@cunninghambounds.com | David A. Lee<br>dlee@pljpc.com |
| Harvey B. Morris<br>hmorris@mkhlawyers.ocm | |

7

I further certify that on June 5, 5015, a copy of the above and foregoing was transmitted by facsimile to the following:

| | |
|---|---|
| Ancel Products | Shaw Machining Services |
| (314) 481-9004 | (765) 663-2577 |

                                               /s/ James A. Knauer

Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
(317) 692-9000
jak@kgrlaw.com