UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| US CENTRIFUGE SYSTEMS, LLC, | )   CASE NO. 15-04804-JJG-11 |
| | ) |
| Debtor. | ) |
| | ) |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION UTILITY SERVICES AND GRANTING ADMINISTRATIVE EXPENSE PRIRORITY**

Nancy J. Gargula, United States Trustee, by Jeannette Eisan Hinshaw, Trial Attorney, objects to the *Motion for Order Authorizing Payment of Pre-Petition Utility Services and Granting Administrative Expense Priority for Post-Petition Utility Services* ("Utilities Motion") filed by US Centrifuge Systems, LLC ("Debtor") on June 3, 2015, Docket No. 9, and in support of her objection states as follows:

### I. 11 U.S.C. § 366

1.  11 U.S.C. § 366 ("Section 366") governs the provision of utility services to a debtor during the pendency of a debtor's bankruptcy case. Section 366 provides as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
>
> (c)   (1)   (A) For purposes of this subsection, the term "assurance of payment" means—
> (i) a cash deposit;
> (ii) a letter of credit;

1

     (iii) a certificate of deposit;
     (iv) a surety bond;
     (v) a prepayment of utility consumption; or
     (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.
   (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
 (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider—
   (i) the absence of security before the date of the filing of the petition;
   (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
   (iii) the availability of an administrative expense priority.

(4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

2. Section 366 was amended by the passage of the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA") in October of 2005. Specifically, BAPCPA § 417 added the following provisions that are now found in subsection (c) of Section 366.

- "Assurance of payment" is defined, and must take the form of the following six types of assurance, or a combination thereof:
    - a cash deposit;
    - a letter of credit;
    - a certificate of deposit;
    - a surety bond;
    - a prepayment of utility consumption; or
    - another form of security that is mutually agreed on between the utility and the debtor or the trustee.

2

- An administrative expense priority cannot constitute an assurance of payment;  and

- In deciding whether an assurance of payment is adequate, the court may not consider:
    - the absence of security before the date of the filing of the petition;
    - the pre-petition payment of utility charges in a timely manner; or
    - the availability of an administrative expense priority.

## II.  The Adequate Assurance that the Debtor is Proposing is Inadequate and Violates the Provisions of Section 366

3.   The Debtor seeks a finding from the Court that its utility companies[1] are adequately assured of payment based on two factors:  the granting of an administrative expense priority to each utility provider, and the Debtor's current projected cash flow (together, the "Proposed Assurance of Payment").  Utilities Motion, ¶ 4 and 5.

4.   The Debtor's Proposed Assurance of Payment is not adequate and violates the terms of the statute for the following reasons.

   A. This alleged assurance is not enumerated in § 366(c)(1)(A)(i)-(vi) as a permissible type; and
   B. Section 366(c)(3)(B)(ii)  explicitly *prohibits* a Court from treating  the availability of an administrative expenses priority as adequate assurance of payment.

5.   In sum, Section 366 requires that adequate assurance of payment be either agreed upon, or be one of the types of assurance enumerated in the statute.  The Debtor seeks to skirt this requirement.  Though it is understandable that a debtor would prefer to not post security for post-petition utility payments, a debtor is not permitted to ignore its statutory duties simply

---

[1] In paragraph 2 of the Utilities Motion three expenses are alleged to be utility expenses, but it is not immediately apparent why they qualify as an utility expense:
   Facility Rent              $5,200 per month
   Remote Office Rent    $450 per month
   Office Furniture Rent  $430 per month

3

because adhering to those duties will require the expenditure of monies a debtor would prefer to spend elsewhere.

6. Unless the Debtor and the Utility Companies agree otherwise, a typical amount of adequate assurance is a cash deposit in the amount of 30 days of utility usage.

WHEREFORE the United States Trustee requests that the Court deny the Debtor's Utilities Motion or, in the alternative, grant the motion but require that Debtor post cash deposits with each Utility Company in an amount equal to thirty days of utility usage calculated based upon the twelve month average for the same.

Respectfully submitted,

NANCY J. GARGULA
United States Trustee

By:  /s/ Jeannette Eisan Hinshaw
Jeannette Eisan Hinshaw
Trial Attorney
Office of the United States Trustee
101 West Ohio St., Suite 1000
Indianapolis, IN  46204
(317) 226-6101  office
(317) 226-5322 direct
(317) 226-6356  fax
Jeannette.Hinshaw@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2015, a copy of the foregoing Objection was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.
    James A. Knauer    jak@kgrlaw.com, tjf@kgrlaw.com
    Harley K Means    hkm@kgrlaw.com, kmw@kgrlaw.com;ads@kgrlaw.com

I further certify that on June 5, 2015, a copy of the foregoing Objection was sent via e-mail transmission to the following:
    James A. Knauer    jak@kgrlaw.com
    Harley K Means    hkm@kgrlaw.com

I further certify that on June 5, 2015, a copy of the foregoing Objection was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:
    None

                                      /s/ Jeannette Eisan Hinshaw
                                      Jeannette Eisan Hinshaw